# FRANK ARMSTRONG vs. CORA L. BEAN.

SUPREME COURT, AUSTIN TERM, 1883.

*Parties—Citation—Waiver.*—An answer in full to a petition must be taken as a waiver of service of citation.

*Statement of facts—Practice.*—When no leave is entered upon the minutes of the court below, giving the parties ten days within which to file a statement of facts after adjournment, such purported statement cannot be considered as part of the transcript.

Appeal from Bosque County.

*J. L. Scott* for plaintiff.

*Fielder* & *Jenkins* & *Maxey* for defendants.

Opinion by Stayton, J.

The filing of what was called an amended petition by Cora L. Bean in a suit filed by A. H. Bean was an irregularity, and could have no other effect than an original petition, and had the defendant not answered to her petition which was filed with leave of the court it is true that no judgment could have been rendered against him in the cause without service upon him.

The plaintiff in error excepted to the petition of Cora L. Bean for the reason that there was no service upon him; but at the same time he answered in full and not *in limine.*

That he had not been cited to defend the action of Cora L. Bean gave no ground for exception to her petition, and if he did not desire to answer until he was cited, he was under no obligation to do so, and a judgment taken against him by default would have been erroneous.

If he had filed pleas going to the question of jurisdiction over his person for want of service upon him they should have been sustained; but this was not done. No postponements of the cause to enable him to prepare for trial was asked; nor were the exceptions filed by the defendant called to the attention of the court.

Under such state of facts the plaintiff in error must be held to have waived any irregularities in making Cora L. Bean the plaintiff in the cause.

A. H. Bean seems to have no further prosecuted any claim to the land, and against him plaintiff in error had judgment for all costs up to the time that Cora L. Bean was permitted by the court to become practically the sole plaintiff, and this would seem to be all to which

he was entitled in this respect. Had A. H. Bean dismissed his suit, which he seems practically to have done, the plaintiff in error, as against him, could have secured no more.

The suit, as between the plaintiff in error and Cora L. Bean, dates from the time of filing of her petition, and her rights were neither enlarged nor restricted by anything which had occurred prior to that time in a suit between other persons. Her title would have been a good defense, as superior outstanding title against A. H. Bean, but judgment against A.H.Bean under that defense would not have been of any benefit whatever against Cora L. Bean; the assertion of such title in Cora L. by the plaintiff in error in a suit in which she was in any way a party, would have been inconsistent with title in himself and fatal to his claim.

Whatever rights the plaintiff in error had against Cora L. Bean, up to the time she filed her petition, he was at liberty to assert.

The court, at the time at which the cause was tried, adjourned on the 16th, February 1883, and no leave seems to have been entered upon the minutes giving the parties ten days within which to file a statement of facts after the adjournment. Yet we find in the transcript what purports to be a statement of facts which was filed on 20th, February 1883.

Such being the case the paper cannnot be considered as properly a part of the transcript; hence none of the assignments of error relating to the admission and rejection of evidence; nor to the giving or refusing to give instructions; nor to the overruling of the motion for a new trial which was based upon the insufficiency of the evidence to sustain the verdict, and upon the error of the court in giving and refusing instructions can be considered.

The same is true of the assignment of error which relates to the introduction of deeds, which it is claimed were not properly described in the abstract of titles filed.

We deem it proper to say that if the paper purporting to be a statement of facts could be considered it would not probably change the result.

There being no error apparent upon the record requiring a reversal of the judgment it is affirmed.